convenience and necessity. Hence a competing carrier which delays a considerable period before complaining of non-compliance by its competitor with the requirements of **Section 614-91 and 614-93, General Code,**. as to an increase in equipment, has no power thereby to waive such requirements for the state.

Marshall, C J, Robinson and Matthias, JJ, concur. Kinkade, J, not participating.

## INDUST COMM v GARDINIO

Ohio Supreme Court

No. 21086. Decided Jan. 16, 1929.

**MATTHIAS, J**

**EMPLOYER & EMPLOYE**

(250 W3) The Ohio Workmen's compensation fund is not available to an employee injured while engaged in the performance of a contract to do specified work in another state, no part whereof is to be performed in Ohio.

Marshall, C J, Robinson, Jones, Day and Allen, JJ, concur. Kinkade, J, not participating.

## OHIO TRANSIT CO v P U C

Ohio Supreme Court

No. 21314. Decided Jan. 16, 1929.

**ALLEN, J**

**AUTOMOBILES**

(50 P2b) An order of the Public Utilities Commission to desist from operating equipment authorized by an order of such Public Utilities Commission which is void because of non-compliance with jurisdictional statutory requirements, does not constitute an alteration, amendment, or revocation of a certificate within the purview of **Section 614-87, General Code.**

Marshall, C J, Robinson, and Matthias, JJ, concur. Kinkade, J not participating.

## PRICE et v STATE ex MENTZER et

Ohio Supreme Court

No. 21292. Decided Jan. 23, 1929

## CENTRAL OHIO TRANSIT CO v P U C

Ohio Supreme Court

No. 21317. Decided Jan. 16, 1929.

**ALLEN, J**

**AUTOMOBILES**

(50 P2a) The requirements of **Section 614-91 and 614-93, General Code,** as to the procedure to be followed upon an application for increase in equipment are jurisdictional, and an increase in equipment permitted without compliance with these requirements is void.

(50 P2b) The motor transportation statute was designed not for the benefit of motorbus operators, but to serve the public